UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE E. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | Cause No. C20-1226RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte.* On August 13, 2020, defendant State Farm removed this case from state court based on diversity jurisdiction. Dkt. # 1. The complaint does not specify the amount of damages sought, however. In its Notice of Removal, defendant states only that it "reasonably believes" plaintiff is seeking to recover damages in excess of $75,000. Dkt. # 1 at 2.

The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Where the complaint does not specify the amount of damages sought, the Court will consider the allegations of the complaint, facts in the removal petition, and supporting summary judgment-

ORDER TO SHOW CAUSE - 1

type evidence relevant to the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007).[1]

In her complaint, plaintiff alleges that she was involved in an automobile accident that caused "neck and inferior left scapular pain," "C4-5 anterior cervical discectomy and fusion," "C-7 radiculopathy," "[l]eft sided costovertebral pain on the left side at T6," and "[b]reast implant rupture." Dkt. # 1-2 at 6-7. Plaintiff further alleges that she has received insurance payments from State Farm and the other driver's insurance company in excess of $260,000. There is no information regarding the extent of plaintiff's unreimbursed medical expenses, the scope of her economic losses, and/or her prognosis. Defendant offers no additional facts regarding the accident, plaintiff's situation, or her demands for compensation that could provide an adequate basis for the Court to find that the jurisdictional amount is satisfied. The Court is not willing to presume that simply alleging accident-related injuries places the amount in controversy above the jurisdictional minimum.

Defendant State Farm is hereby ordered to show cause why this matter should not be remanded to state court for having failed to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted).

//

---

[1] It is not plaintiff's burden to show that she is not seeking damages in excess of the jurisdictional amount. To the extent defendant removed this case in the hope of wringing a concession from plaintiff regarding the amount of her damages, such tactics are improper.

ORDER TO SHOW CAUSE - 2

The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, August 28, 2020. Defendant's response, if any, is due on or before that date.

Dated this 18th day of August, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3